James BUCCI et al.

v.

BURGER KING CORPORATION.

Civ. A. No. 71-206.

United States District Court,
E. D. Pennsylvania.

April 12, 1972.

**224**

F. J. Giorgi, Reading, Pa., for plaintiffs.

Rhoda, Stoudt, Bradley, Reading, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This case, involving a claim of trademark infringement, pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., was originally brought in the Pennsylvania state courts. There, defendant Burger King denied any infringement on their behalf, counterclaimed for damages and injunctive relief based on plaintiffs' alleged infringement of their trademark and, thereafter, removed the case to this Court.

On October 3, 1961, defendant, an interstate drive-in restaurant chain, obtained Federal Registration No. 722,375 of their trademark, Burger King. Subsequently, on November 14, 1961, plaintiffs obtained a fictitious name registration for King Hamburger, as required by Pennsylvania law, 54 Pa.Stat.Ann. § 28.1. Burger King, thereafter, extended their restaurant operations into the area of Berks County, Pennsylvania, where plaintiffs have been conducting their business for a number of years.

An essential element of any cause of action for trademark infringement is that both marks be so deceptively similar so as to confuse the public at large, and, ordinarily, this question is one of fact for the jury. John R. Thompson Co. v. Holloway, 366 F.2d 108, 113 (5th Cir. 1966). In the instant case, however, plaintiffs have alleged in their complaint and defendant has admitted that the marks are confusingly similar. There being no genuine issue as to any material fact, this case is appropriate for disposition by summary judgment. Before the Court is defendant Burger King's motion for summary judgment on the counter-claim.

Under the Lanham Act, the Federal Service Mark Registration is prima facie evidence of the validity of the registration, the registrant's ownership of the mark, and the registrant's exclusive right to use the mark in commerce in connection with the services specified in the registration. 15 U.S.C. § 1057(b). The Act further provides that as of its registration date, a Federal Service Mark Registration is constructive notice to all subsequent users of the registered mark, or of one confusingly similar thereto with respect to the registrant's claim of ownership of the registered mark. 15 U.S.C. § 1072. Consequently, one who adopts and uses a federally registered mark, or one confusingly similar thereto, subsequent to the registration date cannot acquire any rights in the mark superior to those obtained by the Federal Registration. Mister Donut of America, Inc. v. Mr. Donut, Inc., 418 F.2d 838 (9th Cir. 1969); Burger King of Florida, Inc. v. Hoots, 403 F.2d 904 (7th Cir. 1968); John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966); Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358 (2nd Cir. 1959).

In Burger King of Florida, Inc. v. Hoots, *supra*, a similar factual situation involving the same service mark was presented to the Seventh Circuit. In that case, defendant Hoots operated a restaurant under the name Burger King in 1957 in Mattoon, Illinois, prior to the date of the federal registration of the Burger King mark by plaintiff in 1961. In 1962, after the registration of the mark Burger King by plaintiff, Hoots opened a second Burger King in Charleston, Illinois. The District Court found that under the Lanham Act, the second restaurant was opened with constructive notice of plaintiff's federal

trademark and enjoined the operation of the second restaurant. The Court of Appeals, in affirming the District Court's injunction, stated:

"We hold that the district court properly decided that plaintiffs' federal registration of the trade mark 'Burger King' gave them the exclusive right to use the mark in Illinois except in the Mattoon market area in Illinois where the defendants, without knowledge of plaintiffs' prior use, actually used the mark before plaintiffs' federal registration. The defendants did not acquire the exclusive right they would have acquired by their Illinois registration had they actually used the mark throughout Illinois prior to the plaintiffs' federal registration.

"We think our holding is clear from the terms of the Federal Trade Mark Act. Under 15 U.S.C. § 1065 of the Act, plaintiffs, owners of the federally registered trade mark 'Burger King,' have the 'incontestable' right to use the mark in commerce, except to the extent that such use infringes what valid right the defendants, have acquired by their continuous use of the same mark prior to plaintiffs' federal registration." 403 F.2d at 906, 907.

\* \* \* \* \* \*

"Moreover, we think that whether of not Illinois intended to enlarge the common law with respect to a right of exclusivity in that state, the Illinois Act does not enlarge its right in the area where the federal mark has priority. See Hot Shoppes, supra, 782. [Hot Shoppes, Inc. v. Hot Shoppe, Inc., 203 F.Supp. 777 (D.C.N.C. 1962)]. Congress expanded the common law, however, by granting an exclusive right in commerce to federal registrants in areas where there has been no offsetting use of the mark. Congress intended the Lanham Act to afford nationwide protection to Federally-registered marks, and that once the certificate has issued, no person can acquire any additional rights superior to those obtained by the federal registrant. See John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966); Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358 (2d Cir. 1959)." 403 F.2d at 908.

The Lanham Act, 15 U.S.C. § 1072, in providing that registration of a trademark is constructive notice of the registrant's claim of ownership, eliminates the defense of good faith and lack of knowledge. Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358 (2d Cir. 1958). Therefore, unless plaintiffs have acquired a valid right to use their mark by their "continuous use of the same mark *prior* to [defendant's] federal registration", Burger King of Florida, Inc. v. Hoots, *supra*, 403 F.2d at 907, defendant's motion for summary judgment must be granted. It is uncontested that defendant's federal registration mark Burger King for drive-in restaurant services was issued on October 3, 1961. Similarly, it is uncontested that plaintiffs obtained a fictitious name registration for King Hamburger on November 14, 1961. Under Pennsylvania law, 54 Pa.Stat.Ann. § 28.1, such registration is required prior to conducting any business in the Commonwealth under an assumed or fictitious name. Any violation of this statute is criminally punishable as a misdemeanor. Plaintiffs, therefore, could not have legally operated King Hamburger prior to November 14, 1961.

We conclude that since plaintiffs' fictitious name registration took place subsequent to the federal registration of defendant's mark, plaintiffs are charged with constructive notice of defendant's claim of ownership and have no rights superior to those obtained by defendant. Since both parties argue that the marks are confusingly similar, there is no genuine issue of material fact, and under the law, defendant's motion for summary judgment will be granted.

Parenthetically, plaintiffs argue that King Hamburger had been in business for nine years prior to defendant's counter-claim and defendant, therefore, should be barred by the doctrine of lach-

es from asserting its rights, citing Safeway Stores, Inc. v. Safeway Quality Foods, Inc., 433 F.2d 99 (7th Cir. 1970). It was plaintiffs, however, who initiated this action, and in so doing, plaintiffs have placed the validity of their mark under federal law in issue. We find this argument to be without merit.